[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 12, 2008
THOMAS K. KAHN
CLERK

No. 07-15581
Non-Argument Calendar

D. C. Docket No. 06-02107-CV-5-VEH

BARBARA COSGROVE,

Plaintiff-Appellant,

versus

RAYTHEON COMPANY LONG TERM DISABILITY PLAN,
RAYTHEON COMPANY, as Plan Administrator for the
Raytheon Company Long Term Disability Plan,
METROPOLITAN LIFE INSURANCE COMPANY,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Alabama

**(May 12, 2008)**

Before DUBINA, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's grant of summary judgment in favor of the defendants in an Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001-1461 ("ERISA") case brought by appellant Barbara Cosgrove ("Cosgrove").

Cosgrove was employed by Raytheon as a Senior Program Cost Scheduler and Controller and was a participant in Raytheon's Retirement Plan ("the Plan"), which is governed by ERISA. Cosgrove's job consisted of working with Excel spreadsheets to interpret contract financial numbers that were downloaded from Raytheon's central accounting system. It was an office job that required no lifting over 10 pounds, sitting 65 percent of the day, standing 15 percent of the day, walking 5 percent of the day, and involved "acute mental awareness" and "precise mental attention for the majority of the day."

The Plan is funded through after-tax contributions of the Plan participants, (i.e., Raytheon employees) that are held in the Trust. The Plan vests exclusive discretionary authority to interpret its terms and provisions in Raytheon, as the Plan Administrator, and in MetLife, as the Claims Administrator. Under the terms of the Plan, MetLife is granted discretionary authority to interpret the terms of the Plan and to make final decisions with respect to paying claims.

Cosgrove's last day at work at Raytheon was May 11, 2001. She reported that at some point prior to May 14, 2001, she had suffered a Cerebrovascular Accident and, as a result, had a cognitive impairment which prevented her from working. In support of and in opposition to the defendants' motion for summary judgment, conflicting medical evidence was presented on behalf of the parties. Because the case involved a review of a denial of a claim for long term disability benefits under the Plan, Cosgrove conceded in the district court that the proper standard of review is the arbitrary and capricious standard. Moreover, we observe that the burden of persuasion remains with Cosgrove even though she received a period of short term disability benefits and a period of long term disability benefits under the Plan. *See Horton v. Reliance Standard Life Ins. Co.*, 141 F.3d 1038, 1040 (11th Cir. 1998) (recognizing that ERISA claimant has the burden of establishing disability); *Stiltz v. Metro. Life Ins. Co.*, 244 Fed. Appx. 260, 265 (11th Cir. 2007) (determining that the payment of disability benefits is not a relevant consideration in reviewing the denial of ERISA benefits).

In *Williams v. BellSouth Telecommunications, Inc.*, 373 F.3d 1132, 1134 (11th Cir. 2004), we set forth a six-step model for use in judicially reviewing virtually all ERISA claim denials. In its well-reasoned opinion granting summary judgment for the defendants in the instant case, the district court properly applied

the six-step model. After reviewing the record and reading the parties' briefs, we agree with the district court's finding that MetLife's decision to terminate long term disability benefits to Cosgrove effective September 15, 2001, was correct because the evidence relied upon by Cosgrove did not establish adequate proof of her disabled status as defined by the Plan. Moreover, we agree with the district court's finding that Cosgrove lacked adequate objective evidence to substantiate her claim.

Finally, even if we presume the existence of a legally incorrect determination in MetLife's decision denying benefits, MetLife's conclusion of no disability is still due to be upheld under the arbitrary and capricious standard because reasonable grounds in the record otherwise support it. Accordingly, for the above-stated reasons, and based on the district court's well-reasoned memorandum opinion filed on November 13, 2007, we affirm the grant of summary judgment in favor of the defendants.

**AFFIRMED.**